Opinion for the Court filed by Circuit Judge WILKINS.
Concurring opinion filed by Circuit Judge BROWN.
WILKINS, Circuit Judge:
Appellants in this case successfully pursued administrative proceedings against the District of Columbia Public Schools (“DCPS”) to vindicate rights to a free appropriate public education under the Individuals with Disabilities Education Act (“IDEA”). They obtained representation with help from the Juvenile Branch of the Superior Court of the District of Columbia, which appointed an experienced member of that court’s Special Education Advocate Panel as counsel. Under the Superior Court orders making the appointments, the D.C. Courts promised to pay the attorney at the statutory rate in the D.C. Criminal Justice Act — $90 per hour — if he was not otherwise compensated by DCPS. After prevailing in their administrative proceedings, Appellants sought from DCPS payment for attorney fees under the IDEA’S fee-shifting provision at the rate of $250 per hour. But DCPS refused to pay more than the $90 per hour rate that the D.C. Courts would pay if fee shifting was denied.
Appellants challenged the DCPS fee decision by bringing this lawsuit, pointing to their IDEA entitlement to fee shifting at “prevailing” market rates. The District Court rejected the claim to more than $90 per hour and held that the promise of payment in the court appointments foreclosed any greater recovery. We agree with Appellants that nothing in the orders appointing counsel can preempt IDEA fee shifting. We further agree that the fallback compensation offered by the D.C. Courts is not a proper factor in determining the hourly rate for statutory fee shifting. We therefore reverse.
I.
The IDEA guarantees that children with disabilities will have the opportunity to receive a free appropriate public education. See 20 U.S.C. § 1400(d). To protect this right, Congress enacted a fee-shifting provision entitling a “prevailing party” under the Act to “reasonable attorneys’ fees.” Pub.L. No. 99-372, 100 Stat. 796 (1986) (codified as amended at 20 U.S.C. § 1415(i)(3)(B)).
There is no dispute that Appellants were prevailing parties in IDEA actions against DCPS. Their attorney, Pierre Bergeron, was in each instance appointed incident to juvenile delinquency proceedings in the D.C. Superior Court.[1] The court appoint *114 ment orders for Appellant Price and Appellant Parker each stated that “the District of Columbia Courts will compensate the Educational Attorney pursuant to the Criminal Justice Act if he is not compensated by the District of Columbia Public Schools.” Although the appointment order for Appellant Weems did not contain a similar express statement, the parties assume — as do we — that the same term attached.
Following success on the merits in administrative proceedings before DCPS, Appellants sought reimbursement for their attorney fees at $250 per hour. DCPS refused to pay more than $90 per hour, which is the statutory rate at which attorneys are paid by the D.C. Courts under the D.C. Criminal Justice Act. See D.C.Code § ll-2604(a). To challenge that refusal, Appellants brought this suit in District Court under 20 U.S.C. § 1415(i)(2) seeking reimbursement at what they contend is the applicable market-based Laffey rate of $505 per hour. See generally Covington v. District of Columbia, 57 F.3d 1101, 1105 (D.C.Cir.1995) (explaining U.S. Attorney’s Office updates to Laffey matrix, derived from Laffey v. Nw. Airlines, Inc., 572 F.Supp. 354 (D.D.C.1983), rev’d on other grounds, 746 F.2d 4 (D.C.Cir.1984)). Appellants contend in this fee suit that the $250 rate at which pre-litigation reimbursement was sought merely represented an offer to settle.'
The District Court granted summary judgment in favor of DCPS, denying Appellants any recovery beyond the $90 per hour they already had received from DCPS. See Price v. District of Columbia, 61 F.Supp.3d 135 (D.D.C.2014). Appellants timely noticed this appeal.
II.
We review for abuse of discretion a district court’s decision regarding the amount of attorney fees to award. Cov-ington, 57 F.3d at 1110. An abuse of discretion occurs by definition when the district court does not apply the correct legal standard or misapprehends the underlying substantive law, and we examine de novo whether the district court applied the correct legal standard. Conservation Force v. Salazar, 699 F.3d 538, 542 (D.C.Cir.2012).
The starting point of our analysis on the merits is the text of the IDEA fee-shifting provision, which states that “[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys’ fees as part of the costs — (I) to a prevailing party who is the parent of a- child with a disability.” 20 USC § 1415(i)(3)(B)(i).[2] DCPS suggests that this phrase entails near-plenary discretion that could itself be a basis for affirming the District Court’s order. But notwithstanding the apparently permissive language of the statute, the Supreme Court has interpreted similar language in other fee-shifting contexts to mean that the prevailing plaintiff “should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust.” Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 *115 L.Ed.2d 1263 (1968) (per curiam); see also Lefemine v. Wideman, — U.S. -, 133 S.Ct. 9, 11, 184 L.Ed.2d 313 (2012) (per curiam) (same).[3]
The District Court recognized that Appellants were “prevailing parties.” The critical question on appeal is whether its reasoning can be read to have arrived at a $90 fee-shifting rate consistent with -the applicable law. The IDEA instructs that fees awarded “shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.” 20 USC § 1415(i)(3)(C).
The District Court’s opinion suggests that it never reached this determination. It held that “court appointment pursuant to a statute that clearly sets a rate of compensation is the beginning and end of the inquiry.” It reasoned that because Mr. Bergeron’s appointment was made pursuant to the D.C. Criminal Justice Act, that statute controlled the fee-shifting entitlement and marked the end of the matter.
The D.C. Criminal Justice Act invoked by the Superior Court in making the appointments and authorizing fallback compensation does not preempt fee shifting pursuant to the IDEA. See Radzanower v. Touche Ross & Co., 426 U.S. 148, 153, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) (“Where there is no clear. intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.”) (quoting Morton v. Mancari, 417 U.S. 535, 550-551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)) (internal quotation marks omitted). The D.C. Criminal Justice Act requires the Joint Committee on Judicial Administration of the D.C. Courts to implement a plan for furnishing representation to a person “who is a juvenile and alleged to be delinquent or in need of supervision.” D.C.Code § 11-2601(5). Citing this law, the D.C. Courts created the Special Education Advocate (“SEA”) Panel, from which Mr. Bergeron was appointed. See D.C. Courts Admin. Order No. 02-15 (designating SEA Panel); see also D.C. Courts Admin. Order No. 12-02 (re-establishing same). The Superior Court’s Juvenile Branch made the relevant appointments from that Panel in connection with juvenile delinquency proceedings. Nothing in the D.C.Code, the D.C. Courts’ administrative orders, or the Superior Court appointing orders purports to preempt IDEA fee shifting.[4]
DCPS offers an alternative interpretation of the District Court’s order, arguing that the District Court correctly viewed *116 the D.C. Criminal Justice Act statutory compensation rate as preclusive of the “prevailing” rate determination under the IDEA. DCPS contends that “a reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case,” Perdue v. Kenny A., 559 U.S. 542, 552, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (internal quotation marks omitted), and because Mr. Bergeron was willing to accept. $90 per hour for his services, any greater compensation would produce an undue windfall.
We disagree for two reasons. First, as a factual matter, the constructive terms of representation that Mr. Bergeron accepted were to receive the benefit of IDEA fee shifting from DCPS if he was successful while retaining a fallback of $90 per hour compensation from the D.C. Courts if his client did not “prevail.” That he undertook the representations in this ease on those terms does not demonstrate he would have been willing to accept the work on the open market for a fixed rate of $90 per hour. Second, even if Mr. Bergeron accepted these assignments from the Superior Court and would have performed them at a $90 rate because of the public interest nature of the case, his clients remain entitled to fee shifting at the prevailing rate. Our Court has held that the prevailing market rate method applies to “attorneys who practice privately and for profit but at reduced rates reflecting non-economic goals.” Save Our Cumberland Mountains, Inc. v. Model, 857 F.2d 1516, 1524 (D.C.Cir.1988) (en banc); see also Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (holding that fee shifting is “to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel”).[5]
Accordingly, we conclude that the District Court erred as a matter of law in limiting Appellants’ recovery to $90 per hour. The $90 per hour statutory compensation rate in the D.C. Criminal Justice Act did not preempt the prevailing-rate determination required in IDEA fee shifting, nor is it an appropriate factor to consider in making the prevailing-rate determination because it was offered by the D.C. Courts and accepted by Mr. Berger-on only as a back-up promise of compensation.
III.
For the foregoing reasons, we reverse the judgment of the District Court and remand the case with instructions to award attorney fees consistent with this opinion and “based on rates prevailing in the community ... for the kind and quality of services furnished,” 20 U.S.C. § 1415(i)(3)(C), appropriately reduced if such rates “unreasonably exeeed[ ] the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience,” id. § 1415(i)(3)(F)(ii).

So ordered.

. Although there are three Appellants in this case, there were only two underlying IDEA administrative proceedings. The first dates to February 22, 2010, when the Superior Court appointed Mr. Bergeron to represent Angela Price as next friend of her minor son, Jerome Parker. Mr. Parker turned eighteen during the pendency of the administrative proceeding and so the Superior Court also appointed Mr. Bergeron to represent him directly. The second IDEA proceeding dates to September 30, 2010, when the Superior Court appointed Mr. Bergeron to represent Lashawn Weems as next friend of her minor child.

. Although Jerome Parker is a Plaintiff-Appellant in this case, it is uncertain whether he is eligible for fee shifting under the IDEA, which provides for the award of fees “to a prevailing party who is the parent of a child with a disability.” 20 USC § 1415(i)(3)(B)(i)(I) (emphasis added). "Parent” is defined in the statute and does not expressly include the child himself. Id. § 1401(23). But we need not decide this issue because it has not been raised by the parties. In any event, Mr. Parker’s mother, Plaintiff-Appellant Angela Price, is a parent eligible for fee shifting based on Mr: Bergeron’s work on behalf of Mr. Parker.

. Although both Newman and Lefemine involved a different fee-shifting statute, where fee-shifting statutes have similar language there is a "strong indication” that they are to be interpreted alike. Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 758 n. 2, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting Northcross v. Bd. of Ed. of Memphis City Sch., 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973)); see also Alegria v. District of Columbia, 391 F.3d 262, 264 (D.C.Cir.2004) (same).

. Plaintiffs' attorney in this case has received no compensation from the D.C. Courts, and we need not and do not address the hypothetical case of a plaintiff who seeks IDEA fee shifting from DCPS when his or her attorney already has been paid by the D.C. Courts. Since this case was decided by the District Court, the Superior Court has issued an additional administrative order clarifying that any compensation paid to special education attorneys from CJA funds requires a certification “that the voucher does not include any services for which payment has been made by or requested from DCPS, or that such request has been denied in full by DCPS and such denial has been affirmed by a court of competent jurisdiction.” D.C. Courts Admin. Order No. 14-19.

. We treat Save Our Cumberland. Mountains and Blum as presumptively applicable, even ■ though each involved a different fee-shifting statute. See supra note 3.