# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 8, 2007          Decided January 23, 2007

No. 05-7183

ELIZABETH T. JESTER, NEXT FRIEND OF R.B.,
APPELLEE

v.

THE GOVERNMENT OF THE DISTRICT OF COLUMBIA,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01886)

*William J. Earl*, Assistant Attorney General, Office of Attorney General for the District of Columbia, argued the cause for appellant. With him on the brief were *Robert J. Spagnoletti*, Attorney General at the time the brief was filed, *Todd S. Kim*, Solicitor General, and *Edward E. Schwab*, Deputy Solicitor General.

*Elizabeth T. Jester*, appearing pro se, argued the cause and filed the brief for appellee.

Before: SENTELLE and RANDOLPH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: The Individuals with Disabilities Education Act (IDEA) authorizes district judges to award attorney's fees to a "prevailing party" who is the parent of a disabled child, or in some circumstances, who is a state or local educational agency. 20 U.S.C. § 1415(i)(3)(B). The District of Columbia Appropriations Act of 2005, Pub. L. No. 108-335, 118 Stat. 1322, 1344 (2004), limits the amount of attorney's fees the District of Columbia may pay to private parties in such cases to $4,000 per "action." Actions under the IDEA begin with an administrative proceeding, after which any party adversely affected may seek judicial review in district court. *See* 20 U.S.C. § 1415(i)(1), (2). The question in this appeal is whether the district court action is part of the same "action" as the administrative proceeding for purposes of the fee-shifting provision.

Elizabeth Jester represented minor child R.B. in proceedings seeking to vindicate his rights under the IDEA. The District of Columbia Public Schools acceded to most of R.B.'s special education requests at the administrative hearing. R.B. filed suit in the district court, seeking judicial review of the denial of his remaining requests. In the meantime, the District paid Jester $4,094.80 for attorney's fees and costs expended in connection with the administrative proceeding. The district court ruled in R.B.'s favor on his remaining requests and, in response to Jester's motion, ordered the District of Columbia to pay an additional $9,606.13 in fees and costs associated with the district court proceedings. The District of Columbia argues that the order violates the $4,000 cap in the Appropriations Act.

The district court relied on a decision we have since reversed. *See* Mem. Order, Nov. 15, 2005, at *3-4 (citing *Kaseman v. District of Columbia*, 355 F. Supp. 2d 205 (D.D.C.

2005), *rev'd* 444 F.3d 637 (D.C. Cir. 2006)). *Kaseman* presented the question whether the administrative hearing and later district court litigation over fee-shifting – so-called fees-on-fees litigation – comprised the same action for purposes of the IDEA and the Appropriations Act fee-cap. Although "[a] fee request is . . . not a direct appeal of a decision made by the agency at the administrative hearing, as it does not call into question the child's evaluation or placement," we concluded that, because litigation over fees "arises out of the same controversy and depends entirely on the administrative hearing for its existence," fees-on-fees litigation is part of the same action as the IDEA administrative hearing. *Kaseman*, 444 F.3d at 642. If an administrative hearing and ancillary fee litigation are one action, an administrative proceeding and the judicial proceeding that follows must also be one action. The judicial aspect of the action is a continuation of the same controversy, although the administrative process may have refined the issues. If the parent wins in district court after losing in the administrative hearing, the parent is eligible to recover attorney's fees and costs expended in litigating the controversy from beginning to end. *See, e.g.*, *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990) (en banc); *Kaseman*, 444 F. 3d at 642. If the parent loses in district court after winning at the administrative phase, the parent would not be a prevailing party and would not be eligible for an award of fees. To accept Jester's two-action proposal would mean that in the first situation just mentioned, the parent could not recover fees from the administrative stage even though the parent prevailed in court, and that in the second situation, the parent could recover fees from the administrative stage, even though the parent lost in court. That is senseless.

Our holding that the administrative hearing and the judicial review comprised a unitary action for purposes of the fee-shifting provision means that, under current law, Jester cannot

recover more than $4,000 in fees for the entire case, administrative and judicial. In *Calloway v. District of Columbia*, 216 F.3d 1, 9-10 (D.C. Cir. 2000), we held that the district court may award the full amount of attorney's fees, but the District cannot pay a fee award beyond the limit set by the cap. In this case, the District proposed an order that fulfilled *Calloway*'s holding by requiring the District to "pay Plaintiff's counsel that much of the award as is permitted by [the Appropriations Act]." Such an order properly reflects the law: it requires the District to make timely payment of all fees awarded, up to the maximum allowed by the fee cap, and leaves a record of the full amount of fees due to plaintiff. The district court order awarding an additional $9,606.13 and mandating payment within thirty days is vacated and the case is remanded to the district court.

The cap in the Appropriations Act applies only to attorney's fees, not costs, as the District conceded in the district court. This is doubtless why the District paid Jester $4,094.80 at the end of the administrative stage. Although this exceeded the cap, some part of the payment presumably represented costs. On remand Jester may thus be able to collect an additional amount of attorney's fees for the judicial proceedings, plus additional costs incurred. We leave the precise calculations to the judgment of the district court.

*So ordered.*