# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 20, 2012         Decided November 16, 2012

No. 10-5432

CONSERVATION FORCE, ET AL.,
APPELLANTS

v.

KENNETH LEE SALAZAR, SECRETARY OF INTERIOR,
IN HIS OFFICIAL CAPACITY, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00496)

---

*John J. Jackson III* argued the cause and filed the briefs for appellants.

*Tamara N. Rountree*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief was *Andrew C. Mergen*, Attorney. *James C. Kilbourne* and *Robert J. Lundman*, Attorneys, entered appearances.

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This appeal is from the denial of a motion for attorneys fees and costs under the citizen-suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4). Conservation Force and others ("appellants") sued the Secretary of Interior and the Fish and Wildlife Service (together "FWS"), pursuant to 16 U.S.C. § 1540(g). They alleged violations of the ESA by refusing to process applications for permits to import as hunting trophies Canadian wood bison, a listed species, for nearly nine years. The FWS denied the permits more than six months after appellants filed their complaint. The district court dismissed the permit processing claims as moot. *See Conservation Force v. Salazar*, 715 F. Supp. 2d 99, 100, 105–08 (D.D.C. 2010) ("*Conservation Force I*"). Appellants then sought attorneys fees and costs under a catalyst theory pursuant to the ESA's provision authorizing the district court to award fees "whenever . . . appropriate." 16 U.S.C. § 1540(g)(4).[1] The district court denied the motion, concluding that *Bennett v. Spear*, 520 U.S. 154 (1997), foreclosed review of appellants' claims under 16 U.S.C. § 1540(g)(1)(C) and thus rendered them ineligible for fees. *Conservation Force v. Salazar*, 753 F. Supp. 2d 29, 31, 34 (D.D.C. 2010) ("*Conservation Force II*").[2]

---

[1] This court has held that the catalyst theory applies to a similarly worded provision of the Clean Air Act authorizing courts to award attorneys fees "whenever . . . appropriate." *Sierra Club v. EPA*, 322 F.3d 718, 726 (D.C. Cir. 2003) (construing 42 U.S.C. § 7607(f)). By contrast, the district court noted, although the Administrative Procedure Act provides for the recovery of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, recovery is limited to a "prevailing party." *Conservation Force v. Salazar*, 753 F. Supp. 2d 29, 35 (citing *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 610 (2001)).

[2] Appellant separately challenged the denial of the permit applications as arbitrary and capricious, 5 U.S.C. § 706(2)(A) (2006),

On appeal, appellants contend that their claims were brought, and are reviewable, under 16 U.S.C. § 1540(g)(1)(A) for alleged "violations" of the ESA or its implementing regulations, and that the district court thus erred in ruling they were ineligible to recover fees. For the following reasons, we affirm.

## I.

The ESA generally prohibits the importation of endangered species, including as hunting trophies. *See* 16 U.S.C. § 1538(a)(1)(A); 50 C.F.R. §17.21(b). The Secretary of Interior may, however, grant permits to applicants to import endangered species under limited circumstances, such as "for scientific purposes or to enhance the propagation or survival of the affected species." 16 U.S.C. § 1539(a)(1)(A). Individuals seeking to import hunting trophies of endangered species must apply to the FWS for a permit. *See* 50 C.F.R. § 17.22. Upon receiving a completed import permit application, the FWS must publish the application in the Federal Register and allow thirty days for public comment. Then, after considering a number of factors, the FWS "will decide whether or not a permit should be issued," *id.* § 17.22(a)(2). The regulations provide that "[t]he [FWS] will process all applications as quickly as possible" but "cannot guarantee final action" within a requested time period. *Id.* § 13.11(c).

The ESA authorizes citizen suits brought

---

and the district court granted summary judgment in appellants' favor, finding the FWS "failed to articulate a satisfactory explanation for its decision." *Conservation Force v. Salazar*, 851 F. Supp. 2d 39, 51 (D.D.C. 2012) ("*Conservation Force III*")

> (A) to enjoin any person, including the United States and any other governmental instrumentality or agency . . . who is alleged to be *in violation of* any provision of [the ESA] or regulation issued under the authority thereof; or
>
> . . .
>
> (C) against the Secretary where there is alleged a *failure of the Secretary to perform* any act or duty under section 1533 of this title which is not discretionary with the Secretary.

16 U.S.C. § 1540(g)(1)(A), (C) (emphasis added).

The Supreme Court clarified the respective scopes of subsections (A) and (C) of section 1540(g)(1) in *Bennett v. Spear*, 520 U.S. at 171–74. Subsection (A) "is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties — both private entities and Government agencies — but is not an alternative avenue for judicial review of the Secretary's implementation of the statute." *Id.* at 173. Subsection (C), on the other hand, "expressly authorizes suit against the Secretary, but only to compel him to perform a nondiscretionary duty under § 1533." *Id.* The Court noted that subsection (A)'s "reference to any 'violation' of the ESA cannot be interpreted to include the Secretary's maladministration of the [Act]," and that such maladministration "claims are not subject to judicial review" under subsection (A). *Id.* at 174. It interpreted subsection (A) to be so limited because to have done otherwise would have rendered subsection (C) "superfluous." *Id.* at 173. Without this limitation, suits authorized under subsection (C) would become nothing more than a subset of suits that litigants could bring under subsection (A). The Court also interpreted subsection (A) to be so limited in view of the Administrative Procedure Act ("APA"); otherwise

subsection (A) "would [have] effect[ed] a wholesale abrogation of the APA's 'final agency action' requirement." *Id.* at 174. Without the limitation, "[a]ny procedural default, even one that had not yet resulted in a final disposition of the matter at issue, would form the basis for a lawsuit." *Id.* The Court was "loathe to produce such an extraordinary regime without the clearest of statutory direction," which it concluded was not present in the ESA. *Id.*

The district court ruled that appellants' permit processing claims were not properly brought under the ESA's citizen-suit provision. "[T]o sue under the ESA's citizen-suit provision, plaintiffs must identify a non-discretionary, statutory duty under [16 U.S.C. §] 1533 to process their applications by a specific date." *Conservation Force II*, 753 F. Supp. 2d at 35. Because appellants could identify no such duty, their claims were not subject to judicial review under § 1540(g)(1)(C). Consequently, appellants were "not eligible for attorneys fees under the ESA attorneys' fees provision on those claims." *Id.* Appellants appeal.

## II.

Appellants contend that the district court erred by failing to address their arguments that their claims arose under 16 U.S.C. § 1540(g)(1)(A), and that, despite this error, they are entitled to attorneys fees and costs under § 1540(g)(4).[3] They point out that under § 1540(g)(1)(A), a plaintiff can sue any person or governmental agency upon identifying a violation of either a

---

[3] The background to this appeal is set forth in *Conservation Force I*, 715 F. Supp. 2d 99, and *Conservation Force II*, 753 F. Supp. 2d 29.

non-discretionary duty under § 1533 or of other duties under any provision or regulation of the ESA. Their lawsuit, they maintain, did not allege that the manner in which the FWS administered the ESA was unlawful but rather that the FWS did not perform its duties under the ESA and its regulations at all.

Although this court generally reviews the district court's denial of applications for attorneys fees for abuse of discretion, *see, e.g., Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011), a "district court abuses its discretion if it did not apply the correct legal standard . . . or if it misapprehended the underlying substantive law." *Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1497 (D.C. Cir. 1995). In such instances the court must "examine *de novo* whether the district court applied the correct legal standard." *Brayton*, 641 F.3d at 524 (citing *FTC v. H. J. Heinz Co.*, 246 F.3d 708, 713 (D.C. Cir. 2011)). Thus, although as appellants correctly maintain, the precise statutory basis for the district court's decision is in part ambiguous, *see Conservation Force II*, 753 F. Supp. 2d at 34, this court's independent review is sufficient to affirm the district court's denial of fees.

Appellants' contention that they are eligible for attorneys fees because their permit processing claims arise under § 1540(g)(1)(A) fails. Appellants' position is that the FWS' alleged failures to abide by various statutory and regulatory requirements constitute "violations" of the ESA within the meaning of subsection (A). In the district court they argued that the FWS violated 16 U.S.C. § 1536(a)(2) (requiring agencies to consult with the Secretary to ensure no action they are taking will adversely affect an endangered or threatened species or its habitat) and the ESA implementing regulations at 50 C.F.R. §§ 13.11(c), 13.21(b), 17.22(a)(2), dealing with issuing permits. On appeal appellants also cite 16 U.S.C. § 1531(c) and § 1532(3), maintaining that the FWS has violated these

provisions, which concern the federal policy of conservation and define words such as "conserve." In appellants' view, these statutory and regulatory provisions impose nondiscretionary obligations on the FWS to award permits where appropriate, not sit on them for years and thereby fail to protect endangered species.

The statutory provisions appellants cite fall into two groups — those that trigger certain procedures, such as consultation, 16 U.S.C. § 1536(a)(2), and those that address the goals of the ESA or definitions related to such goals, *id*. § 1531(c); *id.* § 1532(3). The cited regulatory provisions involve the requirement that the FWS adjudicate permits in a timely manner, 50 C.F.R. § 13.11(c), grant permit requests when the established criteria are met, *id*. § 13.21(b), and consider certain factors when adjudicating permits, *id*. § 17.22(a)(2). Even assuming that appellants have not forfeited contentions related to the provisions not cited in the district court,[4] *see Petit v. U.S. Dep't of Educ.*, 675 F.3d 769, 782 (D.C. Cir. 2012), the provisions appellants cite on appeal do not establish a duty, which, if not fulfilled, constitutes a "violation" under 16 U.S.C. § 1540(g)(1)(A) as the Court interpreted that term in *Bennett v. Spear*, 520 U.S. at 173–74. The Court explained that it knew of "no precedent for applying" the "substantial civil penalties" that the Secretary may impose pursuant to § 1540(a) "against those who administer (as opposed to those who are regulated by) a substantive law. Nor do we think it likely that the statute meant to subject the Secretary and his officers and employees to criminal liability under § 1540(b) . . . or . . . § 1540(e)(3)." *Id.* Despite the repeated usage of obligatory words such as "shall," in 16 U.S.C. §§ 1531(c), 1536(a)(2); 50 C.F.R. §§ 13.21(b), 17.22(a)(2), and "will," in 50 C.F.R. §§ 13.11(c), 17.22(a)(2),

---

[4] In the district court, appellants did not refer to violations of 16 U.S.C. §§ 1531(c) and 1532(3).

the FWS' permit processing and other duties are discretionary with regard to how much time it takes to complete them.   As noted, 50 C.F.R. § 13.11(c) provides that "[t]he [FWS] will process all applications as quickly as possible.  However, we cannot guarantee final action within the time limit you request."

The delay by the FWS in processing appellants' import permit applications for wood bison trophies is, therefore, an instance of agency delay on a matter not subject to firm time constraints. Although the delay is substantial and unexplained, it is nonetheless not the type of "violation" that would subject ESA administrators to criminal or monetary sanctions.  *See Bennett v. Spear*, 520 U.S. at 173–74.  It is, however, the type of "procedural default" that the Court held plaintiffs cannot challenge under § 1540(g)(1)(A).  *Id*. at 174.  Situations may exist where in applying *Bennett v. Spear* a court might have to wrestle with vexing questions as to whether an agency is administering the ESA or is being regulated by it,[5] but these types of questions do not arise here.

Appellants' other contentions attempting to limit *Bennett v. Spear* lack merit.  Their suggestion that the district court limited its ruling to the Secretary only, much as their attempt to distinguish *Bennett v. Spear* on the ground that it limits § 1540(g)(1)(A) with regard to the Secretary only and not with regard to the FWS, border on the frivolous.  The Secretary has delegated authority to the FWS, such that the district court's ruling regarding permit processing claims is applicable to the FWS. *See* Department of the Interior Departmental Manual, 632 DM 1.5 (1988).  The "Spear" in the *Bennett v. Spear* case caption refers to a Regional Director of the FWS; and the claim

---

[5] *E.g.*, *compare Envtl. Prot. Inf. Cen. v. Simpson Timber Co.*, 255 F.3d 1073, 1074–1075, 1079 (9th Cir. 2001), *with Bennett v. Spear*, 520 U.S. at 174, 176.

at issue in *Bennett* involved a biological opinion issued by the FWS "as delegate of the Secretary." *Bennett v. Spear*, 520 U.S. at 158.

Accordingly, we affirm the denial of appellants' motion for attorneys fees and costs pursuant to 16 U.S.C. § 1540(g)(4).