# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 6, 2014        Decided June 3, 2014

No. 01-7041

MCKESSON CORPORATION, ET AL.,
APPELLEES

v.

ISLAMIC REPUBLIC OF IRAN,
APPELLANT

FINANCIAL ORGANIZATION FOR THE EXPANSION OF
OWNERSHIP OF PRODUCTIVE UNITS, ET AL.,
APPELLEES

Consolidated with 13-7070, 13-7121

Appeals from the United States District Court
for the District of Columbia
(No. 1:82-cv-00220)

*Patrick P. O'Donnell* argued the cause for the appellant. *Christopher J. Wright*, *Anne K. Langer* and *Charles T. Kimmett* were on brief. *Thomas G. Corcoran*, *Jr.*, *Henry M. Lloyd*, *Laina Lopez* and *Mary-Ellen Noone* entered appearances.

*Mark N. Bravin* argued the cause for the appellees. *Gene C. Schaerr*, *Eric M. Goldstein* and *Mark R. Joelson* were on brief. *Peter Buscemi* entered an appearance.

*Stuart F. Delery*, Assistant Attorney General, United States Department of Justice, *Ronald C. Machen Jr.*, United States Attorney, and *Douglas N. Letter* and *H. Thomas Byron*, *III*, Attorneys, were on brief for *amicus curiae* United States of America in support of neither party.

Before: HENDERSON, ROGERS and TATEL, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: After the 1979 revolution in Iran, the Iranian government expropriated the interest held by McKesson Corporation (McKesson), an American business, in an Iranian dairy company. McKesson first filed suit in the District of Columbia district court in 1982. After more than three decades of litigation, including six trips to this Court, McKesson finally secured a judgment of $29.3 million. We now review the $13.4 million in attorney's fees the district court awarded McKesson. Because the district court improperly calculated attorney's fees under Iranian law, we vacate the fee award and remand with instructions to award McKesson $29,516 in attorney's fees.

**I.**

The baroque procedural history that got us here is contained in many volumes of West's Federal Reporter. For a detailed summary, see *McKesson Corp. v. Islamic Republic of Iran (McKesson VI)*, 672 F.3d 1066, 1070–72 (D.C. Cir. 2012). For our limited purpose, the relevant background is as follows. In *McKesson VI*, we held that the 1955 Treaty of Amity,

Economic Relations, and Consular Rights, U.S.-Iran, Aug. 15, 1955, 8 U.S.T. 899 (Treaty of Amity)—construed under Iranian law—provides McKesson with a private right of action against the government of Iran. 672 F.3d at 1078. We affirmed the district court's finding that Iran is liable to McKesson under the Treaty of Amity for the expropriation of McKesson's equity interest in the dairy company and the withholding of McKesson's dividends. *Id.* at 1080–83. We concluded that the district court erred, however, in adding compound interest to McKesson's damages award and therefore remanded with instructions to recalculate the award using simple interest. *Id.* at 1083–84. On March 27, 2013, the district court did so, entering final judgment for McKesson in the amount of $29,318,284.47. *McKesson Corp. v. Islamic Republic of Iran*, 935 F. Supp. 2d 34, 38 (D.D.C. 2013). That amount is not at issue here.

Over the course of the litigation, McKesson filed five petitions for attorney's fees accrued during five distinct time periods. On November 30, 2000, the district court ruled on the first petition. *See McKesson Corp. v. Islamic Republic of Iran*, No. 82-00220 (D.D.C. Nov. 30, 2000), *reprinted at* Joint Appendix (JA) 211–34. It reasoned that "in determining whether a prevailing party is entitled to fees and expenses, a court looks . . . to the substantive law on which the successful claim is based." JA 217. At the time, however, we had not yet decided what (if any) substantive law provided McKesson with a cause of action. The district court held that it had authority to award reasonable fees under international law or, in the alternative, under Iranian law, *see* JA 219–27, and granted McKesson $2.95 million in fees and expenses for legal work performed through July 2000, *see* JA 234.

On March 27, 2013, the district court ruled on McKesson's next three fee petitions, covering legal work done

from August 2000 to June 2012. It noted that we had determined in 2012 that Iranian law recognizes McKesson's cause of action and therefore "the issue of whether attorneys' fees may be awarded to McKesson is . . . governed by Iranian law." *McKesson Corp.*, 935 F. Supp. 2d at 39 (citing *McKesson VI*, 672 F.3d at 1072). It then concluded that it had discretion to award reasonable attorney's fees under Iranian law, brushing aside Iran's contrary argument in a footnote. *Id.* at 39–40 & n.4. Despite having acknowledged that Iranian law governed, however, the district court proceeded to assess the reasonableness of McKesson's requested award by referring solely to American case law applying federal fee-shifting statutes. *Id.* at 40–45. It held that a fee award of just over $10 million was reasonable under this precedent. *Id.* at 45. The award included a "current-rate" enhancement that compensated McKesson for the delay in payment by calculating fees using 2012 billing rates instead of the rates that prevailed when the work was performed. *Id.* at 43. The district court subsequently granted McKesson's fifth fee request—$434,385 for fees incurred for work done between July 2012 and April 2013—for the same reasons given for the second through fourth requests. *Id.* at 47–48.

Iran timely appealed each of the district court orders awarding fees.[1] The appeal from the district court's 2000 decision, which we had held in abeyance until now, was consolidated with the two more recent cases for appeal. *See* Order, Nos. 01-7041, 13-7070, 13-7121 (D.C. Cir. Aug. 16, 2013).

---

[1] The three awards total $13,407,424.43 in fees: $2,945,803.73 from the November 2000 award; $10,027,235.70 from the March 2013 award; and $434,385 from the August 2013 award.

**II.**

Although we generally review an attorney's fees award for abuse of discretion, "a district court abuses its discretion if it did not apply the correct legal standard or if it misapprehended the underlying substantive law." *Conservation Force v. Salazar*, 699 F.3d 538, 542 (D.C. Cir. 2012) (quotation marks and ellipsis omitted). We therefore review *de novo* whether the district court applied the correct legal standard, *id.*, including *de novo* review of the district court's interpretation of foreign law, *City of Harper Woods Emps. Ret. Sys. v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009); *see* FED. R. CIV. P. 44.1.

We held in *McKesson VI* that this suit is governed by Iranian law, 672 F.3d at 1075, and the parties agree that Iranian law controls the question of attorney's fees. The parties further agree that, under Articles 515 and 519 of the Iranian Civil Procedure Act of 2000 (Act), McKesson is entitled to receive *some* measure of attorney's fees. Article 515 authorizes the prevailing party to "demand compensation for damages resulting from the court proceeding." Article 519 defines damages to include "legal fees[] and other costs which are directly or indirectly related to the court proceeding and have been necessary to prove or defend the case."

The parties disagree on the calculation of fees. The dispute therefore turns on the applicability *vel non* of Article 518 of the Act, which provides: "In the instances where the amount of expenses and damages are [sic] not fixed in the law or official tariff, the amount of such expenses and damages shall be decided by the court." Iran contends that an "official tariff" applies here—Article 3 of Iran's 2006 regulation on

attorney's fees.[2]  By Iran's calculation, that tariff yields a fee award of $29,516.  McKesson does not dispute that calculation nor does it dispute that the tariff would apply if this action had been brought by Iranian counsel in an Iranian court.  It was brought in an American court, however.  McKesson contends this makes all the difference because Iran "presented absolutely no evidence below that the tariff applies in *this type of case*, i.e., a case tried in courts outside of Iran by non-Iranian counsel."  Br. of McKesson 27.  Because this case is therefore *not* one in which damages are "fixed in the law or official tariff," McKesson contends, the amount of attorney's fees is to be decided "by the court"—*i.e.*, in the court's discretion.

We read Article 518's plain language to provide that "decided by the court" applies *only* "[i]n the instances where the amount of [attorney's fees is] not fixed in the law or official tariff."  That is, Article 518 provides a general rule that courts must use an official tariff or other amount fixed by law in awarding attorney's fees.  The court has discretion only when the tariff (or other fixed amount) does not apply.  As the party seeking attorney's fees under foreign law, McKesson bears the

---

[2] McKesson contends that Iran forfeited this argument with respect to the first and second fee petitions by not raising it below.  When those two petitions were filed and briefed in 2000 and 2007, however, it was far from certain what substantive law (if any) supplied McKesson's cause of action.  Indeed, we issued four decisions between 2001 and 2012 on the subject.  *See McKesson HBOC, Inc. v. Islamic Republic of Iran*, 271 F.3d 1101 (D.C. Cir. 2001), *vacated in relevant part*, 320 F.3d 280 (D.C. Cir. 2003); *McKesson Corp. v. Islamic Republic of Iran*, 539 F.3d 485 (D.C. Cir. 2008); *McKesson VI*, 672 F.3d at 1078–80.  That unusual degree of uncertainty makes this is an "exceptional" case in which Iran's forfeiture may be excused.  *See Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 419 n.5 (D.C. Cir. 1992).

burden of establishing the substance of foreign law. *See In re Avantel, S.A.*, 343 F.3d 311, 321–22 (5th Cir. 2003) (party seeking to apply Mexican privilege law "had the burden of proving its substance to a reasonable certainty such that the district court could apply it to the documents at issue"); *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 440–41 (3d Cir. 1999) (similar); Restatement (Second) of Conflict of Laws § 136 cmt. f (1971) ("[T]he party who claims that the foreign law is different from the local law of the forum has the burden of establishing the content of the foreign law."); *see also Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 481 (4th Cir. 2009) (similar); *cf.* Br. of McKesson 25 (acknowledging it bears "initial burden"). It is therefore up to McKesson to show that the general rule (that an official tariff controls) does *not* apply here. We reject McKesson's attempt to shift the burden by requiring Iran to show that the general rule *does* apply and the exception does not. Although McKesson criticizes Iran's expert on Iranian law for not supplying authority for the proposition that the tariff applies in actions pursued outside Iranian courts, neither does McKesson's expert offer any authority supporting the notion that it does *not* apply in such cases.

Moreover, McKesson's argument seeks to have it both ways. It invokes Iranian law to argue that the court has discretion to award attorney's fees but, when it comes to addressing how the court should *exercise* that discretion, McKesson cites not a single Iranian precedent. Instead, McKesson relies (as did the district court) solely on U.S. precedent awarding attorney's fees under federal fee-shifting statutes. But that precedent tells us nothing about how an *Iranian* court exercises its alleged discretion. Put differently, McKesson is content to use Iranian law insofar as it allows for fees and thus is more generous than the default American Rule. *See Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 252–53

(2010) (under "American Rule" each litigant pays its own attorney's fees unless statute or contract provides otherwise). But McKesson runs from Iranian law where it is less generous than U.S. law—*i.e.*, where the applicable tariff yields a smaller award than might have been granted if McKesson had brought its action under a U.S. fee-shifting statute. We think the internal inconsistency of McKesson's argument is telling.

We conclude that the official tariff applies. Iran contends that, applied to McKesson's $29.3 million judgment, the tariff yields a fee award of $29,516. McKesson does not dispute the calculation. Accordingly, we vacate the district court's fee award and instruct the district court on remand to grant McKesson $29,516 in attorney's fees.

*So ordered.*