# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 26, 2015          Decided March 15, 2016

No. 14-7077

UNITED STATES OF AMERICA, EX REL. BRIAN BURKE,
AND
BRIAN BURKE, RELATOR,
APPELLANT

v.

RECORD PRESS, INC.,
APPELLEE

———

Consolidated with 14-7078

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:08-cv-00364)

———

*Tyler Jay King* argued the cause and filed the briefs for appellant.

*John W. Lomas Jr.* argued the cause for appellee. With him on the briefs was *William T. O'Brien*.

Before: SRINIVASAN, *Circuit Judge*, and WILLIAMS and GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*: Under the False Claims Act, 31 U.S.C. §§ 3729-3733, a private person can bring an action on behalf of the government (and herself) alleging that a third party submitted a false or fraudulent claim for payment to the government. *See generally Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000). The plaintiff is known as a "relator," and her action is called a "qui tam" action. If the action succeeds, the relator can share in the government's recovery. 31 U.S.C. § 3730(d).

In this case, Brian Burke, the relator, brought a qui tam action contending that a company named Record Press had submitted a fraudulent bill for printing services to the government. The district court granted judgment in favor of Record Press, concluding that there was no evidence that the company had submitted any false claims with knowledge it was doing so, as would be required for liability under the False Claims Act. We agree with the district court and affirm its entry of judgment for Record Press. We remand, however, for further proceedings on Record Press's motion for attorneys' fees because the district court did not make the findings necessary to enable us to review its grounds for denying a fee award.

**I.**

In February 2008, Burke filed this qui tam action on behalf of himself and the United States against Record Press, a company that prints appellate briefs for the government under a contract with the Government Printing Office (GPO). Burke claims that Record Press violated the False Claims Act by submitting false claims for printing services to the GPO. The case arose after Burke lost an unrelated lawsuit against

the government.  The government served Burke with a bill of costs for its appellate briefing, which had been printed by Record Press.  Burke then filed the instant qui tam action alleging that Record Press had overcharged the government for the cost of preparing the briefing.

The dispute revolved around the interpretation of a particular line item in a longstanding contract between Record Press and the GPO.  Burke understood the contract to contemplate a lower cost for printing services than had been charged by Record Press to the government, and Burke alleged that Record Press violated the False Claims Act by "knowingly" presenting a false claim to the government.  31 U.S.C. § 3729.  Neither of the two parties to the contract (Record Press and the GPO), however, has agreed with Burke's understanding of their contract.  Instead, they agree that the rate charged by Record Press accurately reflected the contract price.  Accordingly, the government declined to exercise its option under the False Claims Act to intervene in this case.  *See* 31 U.S.C. § 3730(b)(2).

Record Press filed a motion for summary judgment and a motion seeking sanctions against Burke for bringing a frivolous action.  On June 24, 2009, the district court denied both motions without prejudice.  The parties ultimately agreed to a bench trial, held on February 14, 2011.  On June 12, 2013, the district court entered judgment against Burke, concluding he failed to offer any evidence Record Press had knowingly submitted false claims to the government.  Record Press subsequently filed a motion for attorneys' fees, which the district court denied.  Burke now appeals the entry of judgment against him, and Record Press cross-appeals the denial of its motion for attorneys' fees.

4

**II.**

Burke argues that the district court erred in granting judgment in favor of Record Press.  We review the district court's legal conclusions de novo and its factual findings for clear error. *See Armstrong v. Geithner*, 608 F.3d 854, 857 (D.C. Cir. 2010) (citing *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1207 (D.C. Cir. 2004)).  We find no error here.

In his complaint, Burke alleged that Record Press violated the False Claims Act when it "knowingly presented . . . to . . . the United States Government false or fraudulent claims" and "knowingly made, used, or caused to be made or used false or fraudulent records or statements" in order to receive payment.  Complaint ¶¶ 26, 28 (J.A. 6).  To prove his claims, Burke needed to show that Record Press acted "knowingly" by either (i) having "actual knowledge of the information," (ii) acting "in deliberate ignorance of the truth or falsity of the information," or (iii) acting "in reckless disregard of the truth or falsity of the information."  31 U.S.C. § 3729(b); *see United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 530 F.3d 980, 983 (D.C. Cir. 2008).  The district court found that Burke failed to show Record Press had the requisite state of mind.  Burke presents no basis for overturning that finding, or any other ground for setting aside the judgment against him.

Burke argues that the district court, when analyzing the contract between Record Press and the GPO, erroneously considered extrinsic evidence, in violation of basic principles of contract interpretation.  That argument does not get Burke very far.  This is a False Claims Act case, not a contract case.  And when resolving an action under the False Claims Act, including one implicating a contract, the court does not

merely interpret a contract. Rather, it examines whether a party submitted a false claim.

Here, the district court considered testimony and evidence indicating that the government agreed with Record Press about the disputed contract rate. That was entirely appropriate because the parties' understanding of their contract had obvious bearing on Record Press's relevant state of mind—*viz.*, whether it knowingly submitted a false claim. *Cf. United States ex rel. Davis v. District of Columbia*, 793 F.3d 120, 126 (D.C. Cir. 2015); *United States ex rel. Bettis v. Odebrecht Contractors of Calif., Inc.*, 393 F.3d 1321, 1329-30 (D.C. Cir. 2005).

Burke next challenges the district court's reliance on the GPO's understanding of the contract as a misapplication of the "government knowledge defense," Appellant's Br. 16, under which governmental knowledge of the fraudulent nature of a claim would be a defense to a False Claims Act action, *see United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 496 (D.C. Cir. 2004) (citing *United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999)). This case, however, presents no occasion for examining the government knowledge defense. Here, the district court did not consider the government's understanding of the contract as part of any defense. Rather, it relied on the government's agreement with Record Press about the proper understanding of the contract as evidence that there had been no fraudulent behavior in the first place. And "the knowledge possessed by officials of the United States may be highly relevant" under the False Claims Act because it "may show that the defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth." *United States ex rel. Hagood v. Sonoma Cty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991).

In short, it was fully appropriate for the district court to consider the understanding of the parties to the contract when assessing whether Record Press had knowingly presented false claims to the government. *See, e.g.*, *K & R Ltd. P'ship*, 530 F.3d at 984. We have also considered Burke's various additional arguments, none of which affords any ground for overturning the district court's entry of judgment against him.

## III.

Record Press sought an award of attorneys' fees under the False Claims Act's fee-shifting provision, 31 U.S.C. § 3730(d)(4), and also as sanctions under 28 U.S.C. § 1927. We review the district court's denial of fees for abuse of discretion. *See, e.g.*, *Conservation Force v. Salazar*, 699 F.3d 538, 542 (D.C. Cir. 2012); *FDIC v. Bender*, 182 F.3d 1, 7 (D.C. Cir. 1999).

The False Claims Act provides for a defendant's recovery of reasonable attorneys' fees if the relator's claim is "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). Under Federal Rule of Civil Procedure 54(d)(2)(C), a district court must "find the facts and state its conclusions of law as provided in Rule 52(a)" when deciding a motion for attorneys' fees. Here, the district court denied Record Press's motion for attorneys' fees solely on the ground that the motion marked a "new course of litigation regarding issues wholly collateral to the *qui tam* action." J.A. 1099. But the False Claims Act itself allows for an award of attorneys' fees in the context of a qui tam action, and there is thus no basis for denying fees purely on the ground that the propriety of a fee award ostensibly reaches a "collateral" question. Because the district court made no relevant findings or conclusions under Rule 52(a) concerning its rejection of a fee award under the False Claims Act's fee-

shifting provision, we vacate the denial of fees and remand for the court to make the relevant findings and conclusions.

Record Press also moved for attorneys' fees under 28 U.S.C. § 1927, which allows for the imposition of personal liability against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." That provision is unconstrained by the procedural requirements of Rule 54(d). But when a party raises "a legitimate question" as to whether the opposing attorney's conduct meets the standard for an award of fees under § 1927, a remand is appropriate if, as here, the district court has offered no reasons for its decision to deny sanctions. *Cf. Bender*, 182 F.3d at 7. Given that there appears to be a genuine question whether the conduct of Burke and his counsel warrants the grant of fees, *see, e.g.*, *United States ex rel. J. Cooper & Assocs., Inc. v. Bernard Hodes Grp., Inc.*, 422 F. Supp. 2d 225, 238-39 (D.D.C. 2006), a full explication of the basis for denying a fee award is particularly important. *Cf. Bender*, 182 F.3d at 7.

Record Press urges this court directly to award it attorneys' fees. But because this court's "inspection of the cold record cannot substitute for [the district court's] first-hand scrutiny," we decline to do so. *Copeland v. Marshall*, 641 F.2d 880, 901 (D.C. Cir. 1980). We see no reason to disregard the general understanding that, with regard to attorneys' fees, a district court "'has far better means of knowing what is just and reasonable than an appellate court can have.'" *Id.* (quoting *Trustees v. Greenough*, 105 U.S. 527, 537 (1882)). As a result, as with the question of fees under the False Claims Act's fee-shifting provision, we vacate the denial of a fee award under § 1927 and remand to enable the district court to explain its reasoning. *See, e.g.*, *Moore v. CapitalCare, Inc.*, 461 F.3d 1, 14 (D.C. Cir. 2006); *Copeland*, 641 F.2d at 901 n.39.

8

\* \* \* \* \*

We affirm the district court's judgment in favor of Record Press and remand for further proceedings on Record Press's motion for attorneys' fees.

*So ordered.*