Concurring opinion filed by Circuit Judge TATEL.
EDWARDS, Senior Circuit Judge:
The purpose of the Individuals with Disabilities Education Act (“IDEA”) is “to ensure that all children with disabilities have available to them a freé appropriate public education.” 20 U.S.C. § 1400(d)(1)(A). The statute contains a fee-shifting provision that permits parents and legal guardians to recover reasonable attorneys’ fees and costs if they prevail in certain, statutorily prescribed proceedings. See 20 U.S.C. § 1415(i)(3)(B). In calculating a fee award, courts take into account both the “number of hours reasonably expended in litigation” and the “reasonable hourly rate” for the services provided, which is determined in part by reference to the prevailing market-rate for attorneys’ services. Eley v. District of Columbia, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting Save Our Cumberland Mountains, Inc. v. Hodel (SOCM), 857 F.2d 1516, 1517 (D.C. Cir. 1988) (en banc)).
Appellants, parents and legal guardians of children with disabilities who prevailed in IDEA proceedings, filed suit in the District Court seeking reasonable attorneys’ fees and costs related to these proceedings. Appellants also sought an award of “fees-on-fees” for work done in connection with their pursuit of fees for the IDEA proceedings. The District Court granted both requests, but did not award Appellants the full amounts requested.
Appellants contend that the District Court erred in excluding certain hours spent at “settlement conferences” from their fee award. Appellants also assert that the District Court abused its discretion in refusing to find that the “prevailing market rate” for attorneys’ fees in IDEA cases is aligned with the Lajfey Matrix, a fee matrix originally compiled to reflect the prevailing market rate for “complex federal litigation.” See Laffey v. Nw. Airlines, Inc. (Laffey I), 572 F.Supp., 354, 372 (D.D.C. 1983), aff'd in part, rev’d in part on other grounds, Laffey v. Nw. Airlines, Inc. (Laffey II), 746 F.2d 4 (D.C. Cir. 1984), overruled in part on other grounds, SOCM, 857 F.2d 1516.
We agree with Appellants that the District Court should not have excluded certain hours billed as “settlement conferences” from its initial fee award calculation. However, we hold that the Dis *520 trict Court did not abuse its discretion in finding that Appellants had failed to demonstrate that their IDEA matters fall within the category of “complex federal litigation” to which the Laffey Matrix applies. Therefore, the District Court was not obliged to follow the Laffey Matrix in calculating attorneys’ fees due Appellants. Appellants also forfeited two claims raised for the first time on appeal: (1) that the affidavits they submitted in this case independently demonstrate a prevailing IDEA market rate that aligns with the Laffey Matrix; and (2) that the rates awarded by the District Court are insufficient to attract competent counsel and, thus, are too low. These claims were not clearly raised with the ' District Court, so we decline to address them ón appeal. Finally, Appellants did not submit any evidence demonstrating that they should receive a different market rate for fees-ón-fees and, therefore, the District Court did not abuse its discretion in applying the same rate when calculating both the initial fee award and subsequent fees-on-fees award.
I. BACKGROUND
A. The Individuals with Disabilities Education Act
As noted above, the purpose of IDEA is “to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs.” 20 U.S.C. § 1400(d)(1)(A). IDEA provides a variety of mechanisms for students to receive the assistance they require. This assistance includes an “impartial due process hearing. . .conducted by the State educational agency or by the local educational agency” after a party has filed a complaint, 20 U.S.C. § 1415(f)(1)(A), pertaining to “any matter relating to the identification, evaluation, or educational-placement of [a] child, or the provision of a free appropriate public education to such child,” § 1415(b)(6)(A).. Parents or legal guardians who prevail in such proceedings are permitted to bring suit, in district court to request the award of “reasonable attorneys’ fees” and related costs. 20 U.S.C. § 1415(i)(3)(B)(i).
Though fee applicants “bear[ ] the burden of establishing entitlement to an award,” IDEA provides relatively little guidance to either the courts or litigants regarding how, precisely, these “reasonable attorneys’ fees” are to be calculated. Eley, 793 F.3d at 100 (quoting Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). The statute notes only that fee awards “shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and' quality of services furnished,” 20 U.S.C. § 1415(i)(3)(C), and permits courts to reduce awards of attorneys’ fees if they “unreasonably exceed[] the hourly rate prevailing in the community for 'similar services by attorneys of reasonably comparable skill, reputation, and experience.” 20 U.S.C. § 1415(i)(3)(F)(ii). Nonetheless, in interpreting the dictates of IDEA’S fee-shifting provision, this court has typically relied on a two-part framework that takes into account: (1) the “number of hours reasonably expended in litigation”; and (2) the “reasonable hourly rate” for the services provided. See Eley, 793 F.3d at 100 (quoting SOCM, 857 F.2d at 1517). Both parts of this test are at issue in this -case.
To establish an entitlement to a particular fee award, fee applicants must document the hours spent litigating in IDEA proceedings in which they prevailed. See id. (quoting Covington, 57 F.3d at 1107). IDEA, however, imposes a number of limitations on the hours for which pre *521 vailing parties can seek recompense. See 20 U.S.C. § 1415(i)(3)(D)(i) — (iii). Of particular salience in this case, fee applicants are traditionally barred from recovering fees associated with hours spent in “resolution sessions.” 20 U.S.C. § 1415(f)(1)(B); § 1415(i)(3)(D)(ii)-(iii); see D.D. ex rel. Davis v. District of Columbia, 470 F.Supp.2d 1, 2 (D.D.C. 2007).
In addition to providing an accounting of the hours spent on a particular IDEA claim, fee applicants must establish the reasonable hourly rate at which these hours should be reimbursed in order to prevail on a request -for a fee award. Eley, 793 F.3d at 100. “Whether an hourly rate is reasonable turns on three sub-elements: (1) ‘the attorney[’s]- billing practices,’ (2) ‘the attorney[’s] skill, experience, and reputation’ and (3) ‘the prevailing market rates in the relevant community.’” Id. (quoting Covington, 57 F.3d at 1107). We have noted that determining the third of these sub-elements, the prevailing market rate, is “inherently difficult.” Id. (quoting Blum v. Stenson, 465 U.S, 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Fee applicants in IDEA cases have relied on two separate, but inter-related, approaches to providing evidence of prevailing market rate. We explain below.
First, litigants have claimed that IDEA litigation should be accorded the same rates laid out in the aforecited “Laffey Matrix.” Two variants of the Laffey Matrix, intended to update the original matrix to reflect current market rates, are potentially implicated by such requests: (1) the USAO Laffey Matrix, which is maintained by the United States Attorney’s Office for the District of Columbia and adjusts -the rates set forth in the original Laffey Matrix to “account for inflation by using the Consumer Price Index for All. Urban Consumers of the United States Bureau of Labor Statistics”; and (2) the Legal Services Index (LSI) Laffey Matrix, which “uses the Legal Services Index of the Bureau of Labor Statistics to adjust for inflation.” See Eley, 793 F.3d at 101. Because the Laffey Matrix and subsequent revisions to this matrix apply only to “complex federal litigation,” fee applicants have focused their efforts on attempting to demonstrate that IDEA cases fall within the bounds of this type of litigation. See id. at 105; Laffey, 572 F.Supp. at 371-72.
Second, fee applicants have tried to' establish the prevailing market rate by providing evidence of the fees charged, and received, by IDEA litigators. While practitioners appear to frequently state that their rates are identical to some version of the Laffey Matrix, this means of establishing the' “prevailing market rate” is not conceptually linked to the Laffey Matrix. See Price v. District of Columbia, 792 F.3d 112, 117 (D.C. Cir. 2015) (Brown, J., concurring) (noting that absent a finding that representation in “IDEA administrative due process hearings” commands the same rates as complex federal litigation, “Laffey Matrix rates are irrelevant to the prevailing-rate determination”).
B. The Proceeding Below
Appellants in this case are the parents and legal guardians of six students who prevailed in separate due process hearings. On November 10, 2014, they filed suit in the District Court requesting the award of “reasonable fees and costs” associated with their IDEA claims. The District Court referred the case to a Magistrate Judge for full case management. Appellants then submitted , a Motion for Summary Judgment, attaching a summary of the hours expended litigating these cases and materials intended to demonstrate that the prevailing market rate for IDEA, eases was consistent with the rates set forth in the LSI Laffey Matrix. In response, the Dis *522 trict of Columbia filed a Cross-Motion for Summary Judgment.
The Magistrate Judge issued a Report and Recommendation which found, in relevant part, that certain hours spent by Appellants’ counsel traveling to and participating in “settlement conference^]” should be excluded from Appellants’ fee award because such meetings are not recompensable under the IDEA. Judicial Appendix (“JA”) 369, 370, 371, 373, 374. The Magistrate Judge also rejected Appellants’ requests for the application of a prevailing market rate equal to “enhanced Laffey Matrix .or Laffey Matrix rates,” JA 379, and proposed that all but one Appellant be awarded “three-quarters of the [USAO] Laffey rates,” JA 384; see JA 376-84.
Appellants objected to the Magistrate’s Report on two grounds. First, Appellants argued that IDEA cases constitute “complex litigation.” Therefore, according to Appellants, the Magistrate Judge erred in declining to apply the rates laid out in the Laffey Matrix in calculating the fees due in this case. In support of 'this claim, Appellants submitted six affidavits from lawyers averring that IDEA litigation in - which they had been involved was no less complex than other cases in which the courts have applied the Laffey Matrix in calculating attorneys’ fees. Second, Appellants argued that, in calculating the fees due, the Magistrate Judge erred in removing hours spent by counsel in “settlement conferences.”
On September 28, 2016, the District Court granted in part and denied in part both Appellants’ and Appellee’s Motions for Summary Judgment, awarding Appellants $89,158.60 in attorneys’ fees and costs. The District Court held that it would “adopt the Magistrate Judge’s recommendation to exclude hours billed for ‘settlement conferences’” from the fee award. Reed v. District of Columbia, 134 F.Supp.3d 122, 134 (D.D.C. 2015). The court noted that Appellants bore the burden of establishing that these conferences were not statutorily non-reimbursable “resolution sessions” and claimed that, because Appellants had failed to point to anything specific in the record to demonstrate that these meetings were not in fact resolution sessions, they had fallen short of this requirement. Id.
The District Court also rejected Appellants’ request that the “enhanced Laffey matrix” be used to determine the reasonable hourly rate for their counsel’s efforts during the underlying administrative proceedings. The court stated that while fee matrices have been recognized as a “ ‘useful starting point in calculating the prevailing market rate’ for attorneys’ services,” Appellants had not provided sufficient evidence to demonstrate that they should be awarded rates in line with this matrix. Id. at 127 (quoting Eley, 793 F.3d at 100); see also id. at 129-30. Specifically, the District Court held that Appellants had failed to demonstrate that IDEA matters constituted “complex federal litigation,” the category of cases to which the Laffey Matrix presumptively applies. After disposing of Appellants’ evidence in support of the use of full Laffey rates in this case, the District Court cited the “vast number of district court cases” in this circuit that had found that “75% of Laffey rates approximates the prevailing market rate for IDEA administrative proceedings” and applied this hourly rate to calculate Appellants’ fee award. Id. at 131; see 131-32.
Shortly after the District Court issued its original fee award, Appellants filed a request for fees-on-fees, fees associated with attempting to secure the attorneys’ fees and costs incurred in the underlying IDEA due process hearings. See JA 494. Appellants argued that the LSI Laffey Matrix reflected the prevailing market *523 rate for this type of work. JA 499. In support of this claim, they provided affidavits stating that “only two law firms,” including Appellants’ lawyer’s firm, accepted cases in the “specialized field of IDEA fees litigation” and claiming that Appellants’ “attorneys customarily charge” and receive payment from clients in line with this rate. Id. The District Court, however, held that it would abide by its earlier determination that the appropriate prevailing market rate in this case was 75% of the USAO Laffey rate, declining to “enter the labyrinth” of determining the appropriate rate anew. Memorandum Opinion and Order at 2, JA 534. It then granted- Appellants’ motion in part, awarding them $19,048.30 of the requested $62,862.65. Id. at 1, JA 533.
II. ANALYSIS
A. Standard of Review
This court reviews fee awards for abuse of discretion and will not upset a district court’s hourly rate determinations “absent clear misapplication of legal principles, arbitrary fact finding, or unprincipled disregard for the record evidence.” Eley, 793 F.3d at 103 (quoting Kattan ex rel. Thomas v. District of Columbia, 995 F.2d 274, 278 (D.C. Cir. 1993)). “This limited standard of review is appropriate in view of the district court’s superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.” Id. at 104 (quoting Covington, 57 F.3d at 1110). Nonetheless, this court will examine de novo the question of whether the “district court applied the correct legal standard.” Id. (quoting Conservation Force v. Salazar, 699 F.3d 538, 542 (D.C. Cir. 2012)).

B. Resolution Sessions

Appellants are correct that the District Court abused its discretion in excluding certain hours classified as “settlement conferences” in their billing records from their fee award. IDEA makes clear that hours spent in “resolution sessions” are nonreimbursable and, thus, should not be included in a prevailing party’s 'fee award. See 20 U.S.C. § 1415(f)(1)(B); § 1415(i)(3)(D)(ii)-(iii); D.D. ex rel. Davis, 470 F.Supp.2d at 2. However, the statute delineates a number of requirements for a meeting to constitute a “resolution session”-: it must be attended by the parents who have submitted a complaint, “the relevant member or members of the [Individualized Education Program (“IEP”) ] Team who have specific knowledge of the facts identified in the complaint,” and a “representative of-the [local educational] agency who has decisionmaking authority on behalf of such agency.” 20 U.S.C. § 1415(f)(l)(B)(i).
Appellants claim that the “settlement conferences” at issue here were, as the District Court reported, “sham resolution sessions,” which fell short of the standards prescribed by IDEA. Reed, 134 F.Supp.3d at 134; Br. for Appellants at 20-22. This is uneontested. Therefore, Appellants contend that the hours spent in these settlement conferences are reimbursable pursuant to IDEA’S fee-shifting provision and should not have been excluded from their fee award. Br. for Appellants at 20-22. The District Court dismissed this argument, noting that Appellants bore the burden of proving “their entitlement to compensation” and stating that Appellants’ evidence, which the court characterized as providing only general statements that the District of Columbia often “invites parties to meetings it calls resolution sessions ‘but fails to staff and conduct such meetings in accordance with the IDEA,”’ was insufficient. Reed, 134 F.Supp.3d at 134 (quoting Verified Statement of Nicholas Ostrem, Counsel for Plaintiffs, JA 410).
*524 Yet, in rendering this decision, the District Court appears to have overlooked, or failed to appropriately weigh, evidence submitted by Appellants that stated not only that the District, of Columbia had, in the past, failed to satisfy all of IDEA’S requirements when inviting parties to “resolution sessions,” but that the specific settlement conferences excluded by the District Court in this case were themselves deficient. See Verified Statement of Nicholas Ostrem, Counsel for Plaintiffs, JA 411. Counsel for Appellants in the underlying administrative hearings provided an affidavit noting that students’ IEP teams were not present at these meetings and representatives of the local educational agency did not indicate they possessed “decision-making authority” with respect to the students’ complaints and appeared to lack “specific knowledge of the facts” put forth in these complaints. Id.
The District Court thus .abused its discretion in dismissing out of hand Appellants’ claims that the disputed hours were not resolution sessions. Cf. Radtke v. Caschetta, 822 F.3d 571, 575 (D.C. Cir. 2016) (holding that a district court abused its discretion in reducing a fee award due .to appellants’ alleged, inability to. provide a meaningful demand, for actual damages suffered when appellants had in fact provided damages estimates to the court). Indeed, the kind of specific, undisputed record evidence that a meeting fell short, of the statutory requirements for a “resolution session” presented, by Appellants in this case has, in -the past, been deemed sufficient to establish that a plaintiff should not have these hours removed from their fee award. See Eley v. District of Columbia, 999 F.Supp.2d 137, 165-66 (D.D.C. 2013), vacated and remanded on other grounds, 793 F.3d 97 (D.C. Cir. 2015). We therefore reverse the decision of the District Court and remand the case so that the court can calculate the amount due in fees for -the settlement conferences.
C. Appropriate Rate
Over the course of this litigation, Appellants have requested a prevailing market rate for the attorneys’ fees associated with their success in the underlying IDEA administrative hearings that is pegged to the LSI Laffey Matrix. In connection with this broad contention, Appellants have raised two arguments on appeal that were not clearly presented to or fully considered by the District Court: (1) The prevailing market rate for IDEA litigation aligns with rates contained in the LSI Laffey Matrix as evidenced by affidavits stating that IDEA attorneys charge their clients rates matching this matrix. Br. for Appellants at 10. (2) The rates awarded by the District Court are insufficient to attract competent counsel to take on these kinds of cases and, as such, are impermissibly low. Br. for Appellants at 17-20. There are two problems with these claims. First, they were not fully explored with the District Court. Second, even after a generous read of the record, we can find no substantial or compelling evidence to support the points now pressed by Appellants. In these circumstances, it would imprudent for us to opine on these matters in the face of such a spare record. We do not mean to say that the positions lack merit. Rather, we simply mean to say that the issues should be left for another day when the claims can be appropriately fleshed out. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting “the general rule .. that a federal appellate court does not consider an issue not passed upon below”).
Appellants’ principal argument on appeal, which was raised with the District Court, is that IDEA cases constitute “complex federal litigation” for purposes of the *525 Laffey Matrix, and, as such, this fee matrix, or an updated version thereof, provides the relevant “prevailing market rate” that a court should look to when calculating Appellants’ fee award. Br. for Appellants at 11-16. The District Court rejected this claim, and we affirm. We conclude that the District Court did not abuse its discretion in finding that Appellants failed to meet their burden of demonstrating that IDEA cases are akin to the type of cases traditionally understood to fall within the category of “complex federal litigation” to which the Laffey Matrix presumptively applies.
In Eley v. District of Columbia, this court bracketed the question of “whether IDEA litigation is in fact sufficiently ‘complex’ to use either version of the Laffey Matrix.” 793 F.3d at 105. But cf. Eley, 793 F.3d at 105 (Kavanaugh, J., concurring) (“[I]n in my view, the United States Attorney’s Office Laffey matrix is appropriate for IDEA cases.”).
Following our decision in Eley, Appellants in this case proffered six affidavits from attorneys who are familiar with, or have litigated, IDEA cases. The affidavits claim that IDEA matters are akin to “complex federal litigation.” JA 413-45. These affidavits include statements noting that practitioners have found “legal work under the IDEA to be far more complex than Title VII work and civil rights work [previously recognized examples of ‘complex federal litigation’].” JA 413. They also explain that IDEA cases are complex because they involve the application of “specialized nonlegal knowledge regarding, special education,” JA 413, 424, 430, 434, 438, 442, and “limited discovery and pretrial exchange,” which makes preparing for and litigating “IDEA cases more complicated, especially because hearing officers typically allow respondents to spontaneously adjust defenses,” JA 414, 424, 431, 434, 438, 442.
In our view, the District Court did not abuse its discretion in holding that, while Appellants may have demonstrated that IDEA proceedings are complicated “in some sense,” they fell short of establishing that “such matters are complex federal litigation,” Reed, 134 F.Supp.3d at 129 (emphasis omitted), as this court has held they must. Nee Eley, 793 F.3d at 105 (finding that a district court abused its discretion in relying on the LSI Laffey Matrix to determine' the prevailing market rate in IDEA litigation “absent ... any record evidence, other than the fee applicant’s declaration, demonstrating that IDEA litigation is as complex as the type of litigation that supports the ‘enhanced’ hourly rates in the LSI Laffey Matrix”). Mere conclusory statements, that IDEA litigation is “as complex” as other types of cases deemed by this court to be “complex federal litigation,” absent an explanation of why this is so, cannot suffice to meet Appellants’ burden.
We appreciate that attorneys who litigate IDEA cases may have “specialized non-legal knowledge.” But this is true in a number of specialized fields. We also understand that IDEA litigants may not have discovery and pre-trial exchanges of the sort found 'in other federal litigation, But the'absence of discovery may suggest that IDEA eases are not as complex as cases in which discovery is extensive. In other words; what Appellants have offered is insufficient to demonstrate that IDEA cases involve complex federal litigation.
To be clear, we do not mean to rule out the possibility that future fee applicants may be able to demonstrate that IDEA cases are “complex federal litigation” to which the Laffey Matrix presumptively applies, It will not be easy, however, as Laf-fey is not very helpful in explicating “complex federal litigation,”
*526 In Laffey, plaintiffs sought fees associated with litigating a case involving violations of Title VII and the Equal Pay Act. In order to assemble the information regarding attorneys’ rates that now comprises the Laffey Matrix, the Laffey litigants assembled a “barrage of data, including twenty-five attorney affidavits secured specifically for [the] litigation, information gleaned from affidavits filed in other cases, and fee data reflected in previous judicial decisions.” Laffey v. Nw. Airlines, Inc. (Laffey I), 572 F.Supp. 354, 371-72 (D.D.C. 1983), aff'd in part, rev’d in part on other grounds, Laffey v. Nw. Airlines, Inc. (Laffey II), 746 F.2d 4 (D.C. Cir. 1984), overruled in part on other grounds, SOCM, 857 F.2d 1516. The Laffey plaintiffs offered this information specifically to demonstrate the prevailing market rates for what was called “complex federal litigation.” Id. at 372. Very little additional explanation is provided by the District Court in Laffey regarding the attributes of this type of litigation. The court simply noted that “the relevant legal market in this action is complex employment discrimination litigation and ... this market is subject to the same hourly rates that prevail in other complex federal litigation.” Id. at 374.
We have applied the Laffey Matrix to requests for attorneys’ fees brought pursuant to 42 U.S.C. § 1988. See, e.g., Covington, 57 F.3d at 1109. However, the decision in Covington is buttressed by the fact that the Senate Report accompanying the enactment of this statute describes section 1988 cases as involving “complex Federal litigation”:
It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases[,] and not be reduced because the rights involved may be nonpecuniary in nature. The appropriate standards, see Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), are correctly applied in such cases as Stanford Daily v. Zurcher, 64 F.R.D. 680 (N.D. Cal. 1974); Davis v. County of Los Angeles, 8 E.P.D. ¶ [P] 9444 (C.D. Cal. 1974); and Swann v. Charlotte-Mecklenburg Board of Education, 66 F.R.D. 483 (W.D.N.C. 1975).
Blum, 465 U.S. at 893-94, 104 S.Ct. 1541 (quoting S. Rep. No. 94-1011, at 6 (1976)).
Unfortunately, the case law provides little guidance to litigants attempting to demonstrate that IDEA cases constitute “complex federal litigation.” The main point here is that, regardless of whether future fee applicants can divine a unifying thread that will bring IDEA cases under the umbrella of “complex fedei’al litigation,” it is clear that Appellants failed to do so in this case.
D. Fees-on-Fees
IDEA litigants are entitled to receive compensation for the hours expended pursuing an initial fee award in District Court. See Kaseman v. District of Columbia, 444 F.3d 637, 642-43 (D.C. Cir. 2006). Appellants were awarded fees for this work. They complain that the rate used to calculate the fees was too low and that the District Court abused its discretion by “arbitrarily setting the rate without any examination of the record.” Br. for Appellants at 23. Appellants, however, failed to provide any evidence suggesting that the “prevailing market rate” for fees-on-fees is distinct from the rate used to calculate attorneys’ fees for the administrative proceedings.
This court has yet to determine whether all aspects of an IDEA litigation should be treated as a unified whole, subject to the same prevailing market rate. But cf. Jester v. Gov’t of District of Colum *527 bia, 474 F.3d 820, 821-22 (D.C. Cir. 2007) (noting that an IDEA request for fee awards and fees-on-fees litigation should be considered part of the same action for the purposes of the IDEA’S fee cap); Kaseman, 444 F.3d at 640-43 (same). We need not do so today, as the District Court did not abuse its discretion in applying the same rate for fees for the administrative proceedings and fees-on-fees in light of Appellants’ failure to submit evidence of any meaningful difference between these two types of litigation.
III. CONCLUSION
For the reasons set forth above, we affirm the judgment of the District Court with respect to its determination of the prevailing market rate for both Appellants’ initial request .for fees and their fees-on-fees motion. We reverse and remand the District Court’s judgment excluding certain hours spent in “settlement conferences” from Appellants’ fee award.